UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN J. FLAHERTY,

    Plaintiff,

        v.

BIOMET ORTHOPEDICS, LLC, BIOMET, INC., BIOMET MANUFACTURING CORP. and BIOMET US RECONSTRUCTION, LLC,

    Defendants.

Case No. 13-cv-984-JPG-SCW

## MEMORANDUM AND ORDER

This matter comes before the Court for case management purposes. On September 26, 2013, the Court ordered plaintiff John J. Flaherty to show cause on or before October 4, 2013, why this case should not be transferred pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Pennsylvania, where he resides and where his surgery involving the allegedly defective product occurred (Doc. 3). Flaherty responded that venue is proper under 28 U.S.C. § 1391(c) in this district and that this case should eventually be transferred to MDL-2391, *In Re: Biomet M2a Magnum Hip Implant Product Liability Litigation* (Doc. 4). Flaherty did not address the relevant factors informing the decision to transfer under 28 U.S.C. § 1404(a). The defendants did not reply to Flaherty's response, although they were given an opportunity to do so.

As a preliminary matter, any proceedings involving this case that are pending before the Judicial Panel on Multidistrict Litigation in MDL-2391, do not prohibit this Court from exercising jurisdiction over this case prior to a final transfer. R. 2.1(d), Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation. While this case may eventually be transferred for pretrial proceedings in a multidistrict litigation proceeding, if it ends up going to trial, it will return to this district if it is not transferred to a more appropriate district. Thus, the Court has a current interest in identifying the correct district for trial.

Although venue is proper in the Southern District of Illinois, under § 1404(a), the Court may *sua sponte* transfer the case to a district where it might have been brought for the convenience of the parties and in the interests of justice. The decision to transfer a case is left to the discretion of the district court. *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *Cote v. Wadel*, 796 F.2d 981, 985 (7th Cir. 1986); *see Norwood v. Kirkpatrick*, 349 U.S. 29, 32 (1955).

In deciding a § 1404(a) motion to transfer, the Court should consider a number of case-specific factors such as the convenience of the potential transferee forum to the parties and witnesses, the fairness of the transfer in light of any forum selection clause and the parties' relative bargaining power, and the interests of justice in general. *Stewart*, 487 U.S. at 29-30; *see Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citing *Van Dusen*, 376 U.S. at 622). The movant has the burden of establishing that the transfer is "clearly more convenient." *Coffey*, 796 F.2d at 219-20. The Court should give substantial weight in favor of the forum in which the plaintiff chose to file the complaint and should rarely transfer a case from the plaintiff's selected forum. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 663-64 (7th Cir. 2003); *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989). Even if the circumstances indicate that a transfer would be clearly more convenient to the parties and witnesses, a court may still refuse to transfer the case if it is not in the interest of justice. *Coffey*, 796 F.2d at 220; *Van Dusen*, 376 U.S. at 625.

In his response to the order to show cause, Flaherty fails to address any of the relevant factors involved in the decision to transfer under § 1404(a). Based on the information in the file, the Court finds that the Western District of Pennsylvania would be more convenient to the plaintiff because he resides there, and the defendants have expressed no objection to litigating this case there. The Court gives very little weight to the fact that Flaherty chose to file his lawsuit in the

Southern District of Illinois because this district has no connection to his case. Furthermore, the witnesses to his surgery and to the impact on his life from the allegedly defective product are likely to be in the Western District of Pennsylvania as well. Finally, the interest of justice weigh in favor of a transfer; the citizens and courts within the Southern District of Illinois should not be burdened with the task of deciding cases having nothing to do with this district, while the citizens and courts within the Western District of Pennsylvania have a strong interest in the safety of medical devices used by their citizens and their doctors.

Accordingly, the Court **TRANSFERS** this case to the United States District Court for the Western District of Pennsylvania for all further proceedings. The parties may seek to have that case transferred to MDL-2391 if they so desire.

**IT IS SO ORDERED.**
**DATED:   October 7, 2013**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**